UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

*In re* Application of

ALPINE PARTNERS (BVI) L.P.,

            Petitioner,

for an Order pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in a Foreign
Jurisdiction

Civil Action 2:23-mc-23
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on an *ex parte* application by Alpine Partners (BVI) L.P. seeking leave pursuant to 28 U.S.C. § 1782 to obtain discovery from Vivek Ramaswamy via a proposed subpoena for the production of documents and deposition testimony. (ECF No. 1.) For the reasons that follow, Alpine's application is **GRANTED**.

                    I.      BACKGROUND

The following facts are taken from Alpine's *ex parte* application and accompanying affidavits. Alpine is former a shareholder of Myovant Sciences Limited. Alpine's shares were forcibly canceled through a $1.7 billion take-private merger orchestrated by Sumitovant Biopharma Ltd., then the controlling shareholder of Myovant. Alpine and other dissenting Myovant shareholders initiated shareholder appraisal rights litigation (the "Appraisal Proceeding") in the Supreme Court of Bermuda to determine the fair value of their Myovant shares. Alpine seeks discovery from Vivek Ramaswamy, a director of Sumitovant at the time of the merger, to gather evidence relating to how Sumitovant valued Myovant at the time of the merger and the negotiating process that led to the merger—both of which Alpine represents are

core issues in the Appraisal Proceeding. (Appl. 2, ECF No. 1-1.) More specifically, Alpine seeks discovery as to (i) the fairness of, and the process to reach, the merger price, including negotiations between Sumitovant and Myovant's Special Committee created to evaluate the proposed merger; (ii) Myovant's valuation, including documents concerning any forecasts of Myovant's future performance, by Sumitovant and its financial advisor and the Special Committee and its financial advisor; and (iii) documents pertaining to any alternative bids to acquire Myovant. (*Id.* at 9.)

Attached to Alpine's application is a proposed subpoena to Mr. Ramaswamy commanding him to testify at deposition and to produce specified documents. (Subpoena, ECF No. 1-5, PAGEID #1218–27.) Although the proposed subpoena lists a date of June 30, 2023, for the deposition, the subpoena also provides for 30 days for Mr. Ramaswamy to respond to the document requests, and Alpine's application indicates that it will find a mutually agreeable date for the deposition after document production is complete. (*Id.*; Appl. 2, ECF No. 1-1.)

## II.    STANDARDS GOVERNING DISCOVERY UNDER § 1782

"Section 1782 provides federal-court assistance in gathering evidence and testimony for use in foreign tribunals." *Matter of De Leon*, No. 1:19-MC-15, 2020 WL 1180729, at *3 (S.D. Ohio Mar. 12, 2020), *appeal dismissed sub nom. In re De Leon*, No. 20-3406, 2020 WL 3969865 (6th Cir. May 26, 2020) (quoting *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *1 (6th Cir. Sept. 14, 2018)). In relevant part, § 1782 provides that, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a). Accordingly, a district court is authorized to grant an application under § 1782 if an applicant has met three statutory prerequisites: (1) discovery is sought from a person or entity residing or found in the district; (2) discovery is

for use in a proceeding before a foreign tribunal; and (3) the applicant is an interested person before such foreign tribunal. *See In re Application for Discovery Pursuant to 28 U.S.C. § 1782(a)*, No. 1:19-MC-0102, 2020 WL 364222, at *1 (N.D. Ohio Jan. 22, 2020). "An ex parte application is an acceptable method for seeking discovery under § 1782." *In re Application Pursuant to 28 U.S.C. § 1782*, No. 1:144-mc-44, 2014 WL 4181618, at * 1 (S.D. Ohio Aug. 21, 2014) (cleaned up).

But even when those statutory prerequisites are met, "a district court is not required to grant a § 1782 discovery application simply because it has the authority to do so." *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 732 (6th Cir. 2019) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)). Instead, once the statutory requirements are met, a district court has discretion to determine whether, and to what extent, to honor a request for assistance under § 1782. *See Intel*, 542 U.S. at 264.

The United States Supreme Court has identified the following discretionary factors (referred to as the *Intel* factors) that a district court may consider when ruling on a § 1782 application: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests. *See id.* at 264–65. Courts must exercise their discretion in light of the "twin aims" of § 1782: "providing efficient assistance to participants in international litigation and

3

encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 252 (citation omitted).

### III. ANALYSIS

**A.  The statutory requirements are met.**

Alpine has satisfied the statutory requirements. The first requirement— that the person from whom discovery is sought resides or is found within the district—is satisfied, because Alpine's private investigator avers that Mr. Ramaswamy is listed in various proprietary databases and open-source materials as a current resident and owner of a particular property in Columbus, Ohio. (Burtis Decl. ¶ 3, ECF No. 1-6.) Mr. Ramaswamy's website also states that he resides in Columbus, Ohio. (*Id.*; *Meet Vivek*, https://www.vivek2024.com/meet-vivek [https://perma.cc/3TUA-HZJ9].)

The second statutory requirement—that the discovery sought is for use in a proceeding before a foreign tribunal—is also satisfied. Alpine asserts that the discovery it seeks will be used in the Appraisal Proceeding in the Bermuda Supreme Court, which qualifies as a "proceeding in a foreign . . . tribunal." *Intel*, 542 U.S. at 257–58.

Likewise, the third statutory requirement—that the application be made by a foreign or international tribunal or any interested person—is satisfied. In *Intel*, the Supreme Court explained that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Id*. at 256. Here, Alpine is a party to the Appraisal Proceeding in Bermuda. Alpine therefore has a significant interest in obtaining discovery related to that action.

**B.  The *Intel* factors weigh in favor of granting the application.**

The undersigned finds that the *Intel* factors favor granting Alpine's application. The first *Intel* factor is whether Mr. Ramaswamy is a "participant in the foreign proceeding." *Intel*, 542

U.S. at 264. If he is, then "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter rising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence." *Id*. (citations omitted). Here, Mr. Ramaswamy is not a party to the Appraisal Proceeding, and thus, he appears to be "outside the foreign tribunal's jurisdictional reach," and his testimony "may be unobtainable absent § 1782(a) aid." *Id*. Accordingly, this factor weighs in favor of granting Alpine's application.

The second *Intel* factor requires that a district court consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id*. This factor also weighs in Alpine's favor. The Supreme Court has explained that a foreign or international tribunal is "best understood as an adjudicative body that exercises governmental authority." *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 142 S.Ct. 2078, 2086 (2022). Here, the foreign tribunal is the Bermuda Supreme Court, a governmental authority, entertaining shareholder litigation. Moreover, Alpine's Bermuda counsel avers that, based on his professional experience, "the Bermuda Supreme Court will be receptive to evidence obtained through Section 1782." (Chudleigh Decl. ¶ 26, ECF No. 1-3). Alpine also cites two District Court cases granting § 1782 applications to obtain discovery for use in Bermuda proceedings. *See In the Matter of the Application of Winston Wen-Young Wong for Assistance Before a Foreign Tribunal*, No. 21-cv-8627, ECF No. 19 (D. N.J. June 15, 2021); *Am. Patriot Ins. Agency, Inc. v. Hendricks*, No. 10-CV-00985, ECF No. 8 (N.D. Ill. Feb. 19, 2010). Accordingly, in the absence of any indication that the Bermuda court would *not* be receptive to U.S. federal-court judicial assistance, the second *Intel* factor weighs in favor of granting Alpine's application. *See Matter of de Leon*, No.

5

1:19-MC-15, 2020 WL 419436, at *5 (S.D. Ohio Jan. 27, 2020), *aff'd*, 2020 WL 1180729 (S.D. Ohio Mar. 12, 2020) (denying motion to quash subpoena issued under § 1782 in part because intervenors "fail[ed] to cite any court order, Saudi law, legal principle, treaty, constitutional provision, or statement from Deloitte that the Saudi court would not consider such information").

For similar reasons, the third *Intel* factor weighs in Alpine's favor. That factor seeks to guard against an applicant's attempts to circumvent foreign proof-gathering restrictions or other foreign or U.S. policies. 542 U.S. at 264–65. In this instance, there is nothing to suggest that Bermuda law or policy would prohibit the type of discovery sought such that Alpine's application is being made to circumvent Bermuda law.

The final *Intel* factor directs courts to be mindful of overly intrusive or burdensome discovery requests. *Id*. Here, the proposed subpoena seeks Mr. Ramaswamy's deposition and the production of documents pertaining to the process of establishing the merger price, Myovant's valuation, and any alternative bids to acquire Myovant. (*See* Subpoena, ECF No. 1-5, PAGEID #1218–27.) The Court finds that at this juncture, and on this limited record, the discovery request does not appear to be overly burdensome. Accordingly, this *Intel* factor also weighs in favor of granting Alpine's application.

## IV. DISPOSITION

Because the statutory and *Intel* factors weigh in Alpine's favor, its application (ECF No. 1) is **GRANTED**. It is therefore **ORDERED** that:

1. Alpine is authorized to issue discovery requests to Mr. Ramaswamy by issuing the subpoena and seeking the production of documents and a deposition in the form attached to the Loft Declaration as Exhibit 2 (ECF No. 1-5, PAGEID #1218–27);

2. Alpine's issuance of the subpoena, and Mr. Ramaswamy's response thereto, shall be governed by the Federal Rules of Civil Procedure; and

3. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order and assessing any supplemental request for discovery assistance that may be requested by Alpine.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE