UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

*In re* Application of

ALPINE PARTNERS (BVI) L.P.,

        Petitioner,

for an Order pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in a Foreign
Jurisdiction

Civil Action 2:23-mc-23
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

    Petitioner, Alpine Partners (BVI) L.P., commenced this proceeding by filing an *ex parte* application seeking leave pursuant to 28 U.S.C. § 1782 to obtain discovery from Respondent, Vivek Ramaswamy, via a proposed subpoena for the production of documents and deposition testimony. (ECF No. 1.) On June 26, 2023, the undersigned granted Alpine's *ex parte* application and authorized Alpine to issue discovery requests to Mr. Ramaswamy by issuing the subpoena and seeking the production of documents and a deposition in the form attached to the application (ECF No. 10). This matter is before the Court on Mr. Ramaswamy's Amended Motion to Vacate or Reverse Opinion and Order Granting *Ex Parte* 28 U.S.C. § 1782 Application for Discovery and Motion to Quash and for Protective Order. (ECF No. 22.) For the reasons that follow, Mr. Ramaswamy's Motion is **GRANTED IN PART and DENIED IN PART**.

                I.       BACKGROUND

    Alpine is former a shareholder of Myovant Sciences Limited. Alpine's shares were forcibly canceled through a $1.7 billion take-private merger orchestrated by Sumitovant Biopharma Ltd., then the controlling shareholder of Myovant. Alpine and other dissenting

Myovant shareholders initiated shareholder appraisal rights litigation (the "Appraisal Proceeding") in the Supreme Court of Bermuda to determine the fair value of their Myovant shares. Alpine's *ex parte* application sought "discovery from Respondent Vivek Ramaswamy, a director of Sumitovant at the time of the Merger, to gather important evidence relating to how [Sumitovant] valued [Myovant] at the time of the Merger and the negotiating process that led to the Merger—both core issues in the Appraisal Proceeding." (Appl. 2, ECF No. 1-1.) More specifically, Alpine sought discovery as to (i) the fairness of, and the process to reach, the merger price, including negotiations between Sumitovant and Myovant's Special Committee created to evaluate the proposed merger; (ii) Myovant's valuation, including documents concerning any forecasts of Myovant's future performance, by Sumitovant and its financial advisor and the Special Committee and its financial advisor; and (iii) documents pertaining to any alternative bids to acquire Myovant. (*Id.* at 9.) On the basis of these representations concerning the scope of the requested discovery, as well as the proposed document requests, which all directly related to the merger, the undersigned granted Alpine's application and authorized Alpine to serve a subpoena seeking documents and deposition testimony from Mr. Ramaswamy. (ECF No. 10.) The Order stated that "Alpine's issuance of the subpoena, and Mr. Ramaswamy's response thereto, shall be governed by the Federal Rules of Civil Procedure." *Id.*

      Mr. Ramaswamy now moves to vacate that Order under Federal Rule of Civil Procedure 60(b), or, in the alternative, to quash the subpoena under Rule 45(d), or to enter a protective order prohibiting Alpine from taking discovery from Mr. Ramaswamy under Rule 26(c). (ECF No. 22.) Mr. Ramaswamy's motion includes several facts previously unknown to the Court, namely that (1) Mr. Ramaswamy was "recused from all discussions, considerations, and voting on the merger between Sumitovant Biopharma Ltd. and Myovant Sciences Ltd." (Ramaswamy

Decl. ¶ 7),[1] and (2) since this Court granted Alpine's application, the Bermuda Court issued a "Directions Judgment" that requires Myovant, and through the merger, Sumitovant, to "provide general discovery of all documents and information which are relevant to the issue of the fair value" of Alpine's Myovant shares "created since October 2019." (Directions Judgment 15, ECF No. 22-7.) Mr. Ramaswamy therefore argues that allowing Alpine to take discovery from him would be, at best, duplicative with the discovery obtainable from Sumitovant in the Appraisal Proceeding, and, at worst, vexatious and harassing given Mr. Ramaswamy's lack of involvement in the merger.

In opposition, Alpine represents that it will agree to stay any discovery "as to documents and testimony from [Mr. Ramaswamy] related to the Merger until discovery has advanced in the Appraisal Proceeding." (Pet.'s Mem. in Opp'n 1, ECF No. 24.) Instead, Alpine now seeks documents and testimony "not likely to be discoverable [in the Appraisal Proceeding], namely, [Mr. Ramaswamy's] documents and testimony related to a transaction in 2019 in which Roivant, a company started by [Mr. Ramaswamy] and during which [Mr. Ramaswamy] was CEO, sold its shares in Myovant." (*Id.*) On reply, Mr. Ramaswamy contends that Alpine's *ex parte* application did not encompass the 2019 Roivant transaction, and therefore Alpine is not entitled to discovery related to that transaction. (Reply, ECF No. 26.)

## II. ANALYSIS

Mr. Ramaswamy asks that the Court vacate its prior Order granting Alpine's § 1782 application to serve him with a subpoena pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

---

[1] Alpine's suggestion that it informed the Court of Mr. Ramaswamy's recusal by attaching to its *ex parte* petition a 266-page proxy statement which noted that Sumitovant directors recused themselves from merger discussions, without referencing that fact in its supporting memorandum, is not well-taken. (*See* Pet.'s Mem. in Opp'n 8, ECF No. 24.)

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, it is not clear that Rule 60(b) is the proper vehicle for the relief Mr. Ramaswamy seeks. The United States Court of Appeals for the Sixth Circuit has plainly held that "Rule 60(b) applies only to final, appealable judgments." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011). Although Mr. Ramaswamy cites a number of cases in which courts reconsidered orders ruling on § 1782 applications under Rule 60(b), Mr. Ramaswamy also correctly notes that "courts often consider the merits of arguments raised under Rule 60(b) without even addressing the procedural propriety of such arguments in § 1782 context." (Reply 5–6, ECF No. 26.) As an order permitting service of a subpoena can hardly be described as a final appealable judgment, Sixth Circuit precedent prohibits the application of Rule 60(b) to Mr. Ramaswamy's motion.

In the alternative, Mr. Ramaswamy seeks to quash the subpoena under Rule 45(d), which provides that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Undue burden is to be assessed in a case-specific manner considering such factors as relevance, the need of the party for the documents, the

breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (cleaned up). "Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *Id*. (cleaned up).

The undersigned finds that, in light of the additional information provided in Mr. Ramaswamy's motion, the subpoena issued by Alpine imposes an undue burden on Mr. Ramaswamy. The information sought by the subpoena is duplicative of the discovery that is now available directly from Sumitovant in the Bermuda Appraisal Proceedings. Moreover, Alpine has not demonstrated that Mr. Ramaswamy is even likely to have relevant information pertaining to the merger, given his recusal from all merger-related discussions. In recognition of these facts, Alpine has expressed its willingness to stay any discovery "as to documents and testimony from [Mr. Ramaswamy] related to the Merger until discovery has advanced in the Appraisal Proceeding." (Pet.'s Mem. in Opp'n 1, ECF No. 24.) But even if Alpine finds itself dissatisfied with discovery in the Appraisal Proceeding, the subpoena remains unduly burdensome to Mr. Ramaswamy is therefore subject to quashing on that basis.

Alpine also seeks documents and testimony "not likely to be discoverable [in the Appraisal Proceeding], namely, [Mr. Ramaswamy's] documents and testimony related to a transaction in 2019 in which Roivant, a company started by [Mr. Ramaswamy] and during which [Mr. Ramaswamy] was CEO, sold its shares in Myovant." (Pet.'s Mem. in Opp'n 1, ECF No. 24.) But documents and testimony relating to Roivant's valuation of its Myovant shares in 2019 are not encompassed by the subpoena that was the subject of Alpine's § 1782 application, which was limited to "evidence relating to how the *Buyer* [*i.e.*, Sumitovant] valued the Company [*i.e.*,

5

Myovant] *at the time of the Merger* and the negotiating process that led to the Merger." (Pet.'s Mem. in Supp. of Appl. 2, ECF No. 1-1.) (emphasis added). The only reference to Roivant in the subpoena is document request No. 1(e), which requests "[a]ll non-privileged Documents and Communications Concerning the Merger, Including . . . between You and Roivant Sciences Ltd. or any of its Representatives." (Subpoena, ECF No. 22-1.) As such, request No. 1(e), like all document requests in the Subpoena, is limited to documents "concerning the merger." Because the Roivant transaction closed on October 31, 2019, documents and testimony related to the Roivant transaction could not have concerned the merger between Sumitovant and Myovant in 2023. Thus, as Alpine's § 1782 application simply did not encompass documents or testimony related to the 2019 Roivant transaction, Alpine cannot rely on its § 1782 application to obtain those documents or testimony.

Moreover, even if Alpine's § 1782 application had specifically sought documents and testimony related to the 2019 Roivant transaction, that application would be denied as seeking discovery not relevant to the Appraisal Proceeding. The Bermuda Court's Directions Judgment permits general discovery from Sumitovant "since October 2019"—indicating that the relevant period for the Appraisal Proceedings begins *after* the Roivant transaction. And although Alpine is correct that the Directions Judgment references the 2019 Roivant transaction in its recital of the underlying facts, none of Alpine's filings make clear how Roivant's valuation of Myovant stock in 2019 is relevant to Sumitovant's valuation of Myovant stock in 2023. The undersigned is not persuaded by Alpine's counsel's unsupported assertion that documents pertaining to the Roivant transaction "are likely to be highly relevant to the Appraisal Proceeding." (2d Chudleigh Decl. ¶ 25, ECF No. 24-1.)

6

In sum, the undersigned concludes that the subpoena that was the subject of Alpine's § 1782 application imposes an undue burden on Mr. Ramaswamy under Rule 45(d) and does not encompass the information that Alpine now seeks in relation to the 2019 Roivant transaction. Accordingly, Alpine's subpoena issued to Mr. Ramaswamy is **QUASHED**.[2]

### III. DISPOSITION

Mr. Ramaswamy's Amended Motion to Vacate or Reverse Opinion and Order Granting *Ex Parte* 28 U.S.C. § 1782 Application for Discovery and Motion to Quash and for Protective Order (ECF No. 22) is **GRANTED IN PART and DENIED IN PART**. To the extent Mr. Ramaswamy seeks relief from judgment under Rule 60(b), the Motion is **DENIED**. To the extent Mr. Ramaswamy seeks to quash the subpoena issued by Alpine pursuant to its § 1782 application, the Motion is **GRANTED** and the Subpoena is **QUASHED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[2] Because it is appropriate to quash the subpoena under Rule 45(d), the undersigned need not consider the parties' arguments pertaining to a protective order under Rule 26(c).